UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SPATIN J. VEHAP,

                    Plaintiff,

          v.                                            **MEMORANDUM AND ORDER**
                                                           19-CV-6155 (WFK) (RER)

CITY OF NEW YORK,
JOHN DOE and JANE DOE 1-20,

                    Defendants.
-----------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

        Plaintiff Spatin J. Vehap, appearing *pro se*, filed this action against the City of New York, the New York City Police Department, and the Corporation Counsel, Assistant Police Commissioner John Miller, and unidentified John and Jane Doe, supervisors and officers. By Memorandum and Order dated November 15, 2019 ("November Order"), the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed the Complaint, and granted Plaintiff leave to file an amended complaint within 30 days. On December 13, 2019, Plaintiff filed an Amended Complaint with supporting documents pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Amended Complaint is dismissed.

## BACKGROUND

        Plaintiff alleges that since March 1, 2018 to the present, officers have attempted to entrap him by using neighbors and other people he knows to try to gain entry to his apartment. Pl. Nature of Action at 2–5; Pl. Supp. Brief at 1. Specifically, Plaintiff alleges that on March 5, 2018, he found that his dog was sick and that personal items were missing or damaged from his apartment. *Id.* at 10. Plaintiff further alleges that on March 30, 2018, officers removed "items

1

from locked closets," and on April 1, 2018, officers entered his apartment without a warrant and stole oxycodone pills, clothing, and cash. Pl. Supp. Brief at 6. Plaintiff alleges that he has sustained injuries from "remote electronic harassment," including but not limited to, joint pain, muscle spasms, heart palpitations, blisters, "brain zaps" and weight loss. *Id.* at 3–4. Plaintiff further alleges that this is "being done" "by stealth and unseen from the 'operator's perch' above [Plaintiff's] apartment and besides (adjacent to)." *Id.* at 4. Plaintiff credits his use of "x-ray dental aprons," "multiple levels of aluminum layers covered over by wool blankets," "silver mesh and copper mesh fabrics" and "wearing boots to sleep" to "deflect these constant attacks." *Id.* at 4–5. He seeks unspecified damages and injunctive relief. Am. Compl. at 6; Pl. Nature of Action at 5; Pl. Supp. Brief at 24.

## STANDARD OF REVIEW

In reviewing the Amended Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks

2

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## DISCUSSION

In order to maintain a 42 U.S.C. § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 claims are generally brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against government entities or agencies where those individuals are employed.

Plaintiff's Amended Complaint cannot proceed against the City of New York for the same reasons outlined in the Court's November Order. Municipal liability under § 1983 arises when the challenged action was taken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).

Despite Plaintiff's conclusory allegations to the contrary, he has not alleged such a policy, nor has he alleged the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). It is well-settled that a plaintiff's conclusory allegations, which merely recite the elements of a *Monell* claim, are insufficient to state a claim for municipal liability. *See, e.g., Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim where the plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability" (internal quotations omitted)); *Treadwell v. Cty. of Putnam*, 14 Civ. 10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (Karas, J.) (holding that the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations" . . . "but instead merely detail[ed] an isolated series of incidents"). Therefore, Plaintiff fails to state a claim against the City of New York. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint cannot proceed against the New York City Law Department for the same reasons outlined in the Court's November Order. Section 396 of the Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That provision "has been construed to mean that New York City departments [such as the Law Department or the Corporation Counsel], as distinct from the City itself, lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Therefore, Plaintiff fails to state a claim against the New York City Law Department. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint cannot proceed against John/Jane Doe 1-20. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Here, Plaintiff merely concludes that "officers" entered his apartment, but he does not provide any identifying information from which the Court or Defendants could ascertain the identity of such "officers" and whether such officers caused him to sustain any constitutional harm. Rather, Plaintiff names private parties as having access to his apartment. Pl. Nature of Action at 2. "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

Furthermore, the Court finds that Plaintiff's allegations of electronic monitoring from the apartment above and adjacent to his apartment to rise to the level of "fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks omitted); *Denton*, 504 U.S. at 33; *see also Neitzke*, 490 U.S. at 327. Therefore, Plaintiff fails to state a claim against John and Jane Doe 1-20. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

s/WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 14, 2020
Brooklyn, New York